IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ERNEST MARTIN, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | Civil Action |
| v. | ) | No. 12-cv-03665 |
| | ) | |
| CITY OF READING; | ) | |
| READING POLICE DEPARTMENT; | ) | |
| WILLIAM HEIM, CHIEF OF POLICE | ) | |
| OF THE READING POLICE, | ) | |
| individually and in his | ) | |
| official capacity; | ) | |
| OFFICER BRIAN ERRINGTON, | ) | |
| Individually and in his | ) | |
| official capacity, | ) | |
| CAPTAIN DAMON KLOC, | ) | |
| individually and in his | ) | |
| official capacity, | ) | |
| JOHN DOE 1 through JOHN DOE 7; | ) | |
| PENNSYLVANIA STATE TROOPER | ) | |
| MICHAEL PAVELKO, individually, | ) | |
| JOHN DOE 8 and JOHN DOE 9, | ) | |
| | ) | |
| Defendants[1] | ) | |

*   *   *

APPEARANCES:

      EDITH A. PEARCE, ESQUIRE
      On behalf of plaintiff

      DAVID J. MacMAIN, ESQUIRE
      On behalf of Reading Defendants

      ANTHONY P. VENDITTI, ESQUIRE
      On behalf of Trooper Pavelko

*   *   *

---

[1]    I will refer to defendants City of Reading; Reading Police Department; William Heim, Chief of Police of the Reading Police; Officer Brian Errington; and Captain Damon Kloc herein as the "Reading Defendants". I will refer to the individual whom plaintiff seeks to include as defendants in this action -- that is, Sergeant Andrew J. Winters, Sergeant Jeffrey Stone, Officer Matthew Niebel, and Officer Joseph Ring, each of the Reading Police Department -- together as the "putative defendants".

**O P I N I O N**

JAMES KNOLL GARDNER
United States District Judge

This matter is before the court on Plaintiff's Motion to Amend Plaintiff's Amended Civil Action ("Motion to Amend").[2]  For the reasons expressed below, I deny plaintiff's Motion to Amend.

**SUMMARY OF DECISION**

In the within action, plaintiff Ernest Martin asserts federal constitutional claims under 42 U.S.C. § 1983 alleging that defendants violated his rights under the Fourth and Fourteenth Amendments to the United States Constitution,[3] and Pennsylvania

---

[2]     The Motion to Amend was filed June 2, 2014 (Document 58), together with Plaintiff's Brief in Support of Plaintiff's Motion to Amend Plaintiff's Amended Civil Action Complaint (Document 58-1)("Plaintiff's Brief"); and Exhibits A through J to the Motion to Amend (Documents 58-2 through 58-4).

The Reading Defendants filed their response in opposition to Plaintiff's Motion to Amend the Complaint on June 16, 2014 ("Reading Defendants' Response")(Document 59).

Defendant Trooper Pavelko's Response in Opposition to Plaintiff's Motion to Amend the Amended Complaint was filed on June 16, 2014 ("Trooper Pavelko's Response")(Document 60).

[3]     Section 1983 is an enabling statute that does not create any substantive rights, but provides a remedy for the violation of federal constitutional or statutory rights.  Gruenke v. Seip, 225 F.3d 290, 298 (3d Cir. 2000).

Section 1983 states:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

state-law tort claims, against defendants City of Reading; Reading Police Department; William Heim, Chief of Police of the Reading Police ("Chief Heim"); Officer Brian Errington ("Officer Errington"), a member of the Reading Police Department; Captain Damon Kloc ("Captain Kloc"), also a member of the Reading Police Department; Pennsylvania State Trooper Michael Pavelko ("Trooper Pavelko"); and nine John Doe defendants.

In his Motion to Amend, plaintiff seeks to replace four of the John Doe defendants with two officers and two sergeants from the Reading Police Department. Plaintiff also seeks a further extension of time in which to substitute a fifth John Doe defendant with an as-yet-unidentified member of the Reading Police Department.

Plaintiff's claims arise from an incident on April 19, 2012. Plaintiff alleges that, while he was standing by the railing on a highway bypass, defendant Officer Errington fired a Taser at him, causing him to fall from the bypass to the ground below and sustain catastrophic injuries. Plaintiff contends that the use of force by Officer Errington was illegal and excessive and that all defendants conspired to cover up the alleged use of excessive force after the incident. Plaintiff contends that these putative defendants played a part in the alleged conspiracy and cover-up.

-3-

The Reading Defendants and Trooper Pavelko oppose plaintiff's Motion to Amend and his request for additional time to further amend his pleading.

For the reasons expressed below, I deny plaintiff's Motion to Amend in its entirety.  Specifically I deny the Motion to Amend because it is barred by the statute of limitations and therefore futile.

## JURISDICTION

This court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 concerning plaintiff's federal causes of action asserted under 42 U.S.C. § 1983.  This court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) concerning plaintiff's pendent state-law claims.

## VENUE

Venue is proper for all defendants pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to plaintiff's claims occurred in West Reading, Berks County, Pennsylvania, which is located within this judicial district.

## PROCEDURAL HISTORY

On June 28, 2012, plaintiff filed a Civil Action Complaint ("Complaint")[4] in this court against the following defendants: City of Reading; Reading Police Department; Chief Heim; The Commonwealth of Pennsylvania; Pennsylvania State

---

[4]     Document 1.

Police; Dante Orlandi, Commanding Officer of Pennsylvania State
Police Troop L ("Captain Orlandi"); and twelve John Doe
defendants (ten of whom were from the Reading Police Department
and the remaining two of whom were from the Pennsylvania State
Police).

On August 28, 2012 defendants City of Reading, Chief
Heim, and Reading Police Department filed an answer with
affirmative defenses[5] to plaintiff's claims.

On September 7, 2012, defendants The Commonwealth of
Pennsylvania, Pennsylvania State Police, and Captain Orlandi
filed a motion to dismiss[6] plaintiff's Complaint.

On November 2, 2012, plaintiff filed an amended Civil
Action Complaint ("Amended Complaint").[7] In his Amended
Complaint, plaintiff did not list the Commonwealth of
Pennsylvania or Pennsylvania State Police as defendants. The
Amended Complaint also only lists nine John Doe defendants
(seven from the Reading Police Department and two from the
Pennsylvania State Police) instead of the twelve listed in the
initial Complaint.  The Amended Complaint additionally

---

[5]     Document 11.

[6]     Document 14.

[7]     Document 21.

identified Officer Errington, Captain Kloc, and Trooper Pavelko as defendants.[8]

On November 15, 2012, Captain Orlandi filed a motion to dismiss[9] plaintiff's claims against him.

On January 28, 2013, motions to dismiss[10] were filed by both Trooper Pavelko and the Reading Defendants, respectively.

By Order dated January 29, 2013 and filed January 30, 2013,[11] I approved a stipulation withdrawing all of plaintiff's claims against Captain Orlandi.

On February 11, 2013, plaintiff filed responses in opposition[12] to the Reading Defendants' and Trooper Pavelko's motions to dismiss.

By Order and accompanying Opinion dated and filed September 30, 2013,[13] I granted in part and denied in part both Trooper Pavelko's and Reading Defendants' motions to dismiss.

On June 2, 2014, plaintiff filed his Motion to Amend which seeks to substitute Andrew J. Winters, a sergeant with the Reading Police ("Sergeant Winters"), for Defendant John Doe-1;

---

[8]     Amended Complaint, pg. 4.

[9]     Document 23.

[10]    Documents 31 and 32.

[11]    Document 34.

[12]    Documents 35 and 36.

[13]    Document 45.

Jeffrey Stone, also a sergeant with the Reading Police ("Sergeant Stone"), for John Doe-2; Matthew Niebel, a Reading Police Officer ("Officer Niebel"), for John Doe-3; and Joseph Ring, another Reading Police Officer ("Officer Ring"), for John Doe-4.[14] Plaintiff also seeks a further extension of time, either to file a third amended complaint specifically identifying the remaining John Does, should the defendants so consent, or, in the event that the defendants do not consent, to file a motion for leave to amend.

On June 16, 2014, both the Reading Defendants Response and Trooper Pavelko's Response were filed.[15]

On July 16, 2014, oral argument was held before me on plaintiff's Motion to Amend.[16] At the conclusion of oral argument, I took the matter under advisement. Hence this Opinion.

<u>**STANDARD OF REVIEW**</u>

Rule 15 of the Federal Rules of Civil Procedure provides parties with the framework for filing amended and supplemental pleadings. Specifically, where, as here, a party is not amending as a matter of right under Rule 15(a)(1) or with

---

[14]    Document 58.

[15]    Documents 59 and 60.

[16]    See Transcript of Oral Argument Before the Honorable James Knoll Gardner, United States District Judge held July 16, 2014 ("Transcript of Oral Argument")(Document 65).

the consent of the opposing parties, Rule 15(a)(2) provides that "a party may amend its pleading only with...the court's leave. The court should freely give leave when justice so requires." Fed.R.Civ.P. 15(c)(1).

Where leave to amend is requested under Rule 15(a), such leave "shall be freely given, in the absence of circumstances such as undue delay, bad faith or dilatory motive, undue prejudice to the opposing party or futility of amendment." Jablonski v. Pan Am. World Airways, Inc., 863 F.2d 289, 292 (3d Cir. 1988)(citing Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222, 226 (1962)).

When a claim to be added by the amendment or supplement is barred by the applicable statute of limitations, the amendment or supplement is futile should be denied. Jablonski 863 F.2d at 292. Naming a John Doe defendant in a complaint neither stops the statute of limitations from running nor tolls the limitations period for that defendant. Talbert v. Kelly, 799 F.2d 62, 66 (3d Cir. 1986).

In determining when a cause of action accrues for claims brought under 42 U.S.C. § 1983, a federal court must look to the state statute of limitations governing personal injury actions. Garvin v. City of Philadelphia, 354 F.3d 215, 220 (3d Cir. 2003)(citing Owens v. Okure, 488 U.S. 235, 249–50, 109 S.Ct. 573, 581–82, 102 L.Ed.2d 594, 605–606 (1989)).  Here,

-8-

the applicable Pennsylvania statute of limitations for personal injury actions is two years.  42 Pa.C.S.A. § 5524(7).

When the applicable limitations period has expired, the amendment must relate back to the original complaint under Rule 15(c) in order not to be deemed futile and, thus, for the amendment to survive.  Urrutia v. Harrisburg County. Police Department, 91 F.3d 451, 453 (3d Cir. 1996).

Rule 15(c)(1) provides, in pertinent part, that an amendment relates back to the date of the original pleading when:

> (A) the law that provides the applicable statute of limitations allows relation back;
>
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading; or
>
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
>> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>>
>> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed.R.Civ.P. 15(c)(1).

The United States Court of Appeals for The Third Circuit has relied upon the three criteria laid out in Rule

15(c)(1)(C) to determine whether an amendment relates back in cases where the original, timely-filed Complaint identifies "John Doe" defendants, whom plaintiff seeks to replace with newly-named defendants through an amended complaint after the statute of limitations has run. <u>Singletary v. Pennsylvania Department of Corrections</u>, 266 F.3d 186, 189 (3d Cir. 2001).

<u>**FACTS**</u>

**<u>Factual Background</u>**

Plaintiff's claims arise from an incident on April 19, 2012. Plaintiff alleges that, while he was standing by the railing on a highway bypass, defendant Officer Errington fired a Taser at him. Plaintiff further alleges that, as a result, he fell from the bypass and sustained catastrophic injuries.

Plaintiff contends that the use of force by Officer Errington was illegal and excessive. Plaintiff further alleges that, following the incident, defendants conspired to cover up the incident through a poorly executed investigation and criminal prosecution of plaintiff.

The factual averments in plaintiff's Amended Complaint concerning the incident begin with plaintiff being tasered and falling from the bypass. Plaintiff does not include factual averments concerning any of the events leading up to that moment.

The version of events offered in the Reading Defendants is in stark contrast to that offered by plaintiff: "Plaintiff, after stealing a car, fleeing from responding Reading Police Officers, engaged in a high speed pursuit."[17]

> [The chase] ended when Plaintiff crashed into innocent motorists who were merging on to the Route 422 overpass that went over the Schuykill River. Plaintiff then fled on foot, running through traffic on [Route] 422.  Officer Errington warned Plaintiff three times that if he did not stop, he would be Tased.  When Plaintiff was several feet from the outer railing/abutment, Officer Errington fired his Taser, which did not connect.  Thereafter, Plaintiff took several additional steps over to outer railing/abutment, leaned on the bridge with his hands, and jumped over the side of the bridge, falling 50' below and landing several feet short of the Schuykill River on a driveway/fishing peer [sic].[18]

Plaintiff was then taken to the hospital.

## Facts Concerning Putative Defendants

Sergeant Winters was responsible for downloading to the Reading Police Department's computer system the electronic data from the Taser which Officer Errington fired on April 19, 2012.  Sergeant Winters told a Pennsylvania State Police ("PSP") trooper that, when he attempted to download the data from Officer Errington's Taser, the download report showed a "sync error" and the time listed for the Taser discharge was not correct.

---

[17]     Brief in Support of Defendants' Motion to Dismiss Plaintiff's Complaint Pursuant to Fed.R.Civ.P 12(b)(6)(Document 32-1).

[18]     Id.

Plaintiff avers that Sergeant Winters had a duty to preserve the electronic data but that this data "was destroyed due to [the] alleged 'sync error'."[19]  Plaintiff does not explicitly suggest that Sergeant Winters caused the "sync error," but instead alleges that it "takes on a whole new context when viewed in light of Plaintiff's allegations, regarding Defendant John Does' failure to preserve physical evidence."[20]

Sergeant Stone and Officers Niebel and Ring were present at the scene of the incident on April 19, 2012 at varying times.  These three putative defendants were responsible for "securing the scene and/or for maintaining the Crime Scene Log" and, in part because none of them interviewed Alexis Vidal, who witnessed the incident, plaintiff alleges that the defendants failed in those duties.[21]

## CONTENTIONS OF THE PARTIES

### Contentions of Plaintiff

Plaintiff contends that justice requires that he be allowed to amend his Amended Complaint subject to Federal Rule of Civil Procedure 15(a)(2).  Specifically, plaintiff contends that the substitution of the four putative defendants for

---

[19]    Motion to Amend, ¶¶ 9-12.

[20]    Id., ¶ 11.

[21]    Id., ¶ 20.

Defendants John Doe 1 through 4 meets the requirements laid out in Federal Rule of Civil Procedure 15(c).[22]

More specifically, first, plaintiff argues that the conduct underlying the claims against the putative defendants arises from the same occurrence that was set out in the original complaint.  In other words, plaintiff alleges that the putative defendants were participants in the events on April 19, 2012 which led to the violation of his constitutional rights, as well as the alleged subsequent cover-up.

Second, plaintiff argues that the putative defendants had sufficient notice of the original Complaint and will not be prejudiced by inclusion at this time.  Specifically, plaintiff alleges that the putative defendants received constructive notice through (A) their presence at the crime scene on April 19, 2012; (B) their continued employment with the Reading Police Department, where they worked with Officer Errington and Captain Kloc; and (C) the press and media attention the matter received.

Third, plaintiff argues that the putative defendants knew, or should have known, that the action would have been brought against them but for plaintiff's mistake concerning party identity because of their knowledge of this lawsuit and their involvement in the events of April 19, 2012.

---

[22]     Motion to Amend, ¶¶ 26-28.

Finally, Plaintiff contends that justice requires an extension of time during which plaintiff would have an additional opportunity to file a third amended complaint or a motion for leave to amend which would identify a fifth John Doe defendant -- namely, the female officer mentioned in a statement given by a witness, Alexis Vidal.

In support of the request to substitute the four putative defendants and for additional time to identify a fifth Doe defendant, plaintiff contends that counsel for the Reading Defendants frustrated attempts by plaintiff's counsel to identify the remaining John Doe defendant during the discovery period previously approved by this court.

## Contentions of Defendants

The Reading Defendants contend that plaintiff's Motion to Amend should be denied pursuant to Rule 15 because the allegations against the putative defendants are futile and because the motion is the product of dilatory conduct and delay by plaintiff's counsel.  The Reading Defendants contend that the proposed amendments are futile and the Motion to Amend should be denied because the plaintiff fails to plead sufficient facts to state plausible claims against the putative defendants and because the statute of limitations on such claims has run.

With respect to dilatory conduct, the Reading Defendants contend that the conduct of plaintiff's counsel has

-14-

caused undue delay and rises to the level of bad faith.
Specifically, the Reading Defendants assert that plaintiff's
counsel has had all the records necessary to identify the
putative defendants and, thus, to amend the present complaint
since October 2012 but instead has engaged in unnecessary
discovery and delay.[23]  The Reading Defendants further argue that
the claims against the unknown defendants should be dismissed
because plaintiff failed to take reasonable steps to learn the
identity of the John Does in this case.

With respect to the issue of futility, the Reading
Defendants argue that plaintiff's allegations (that the putative
defendants were on the scene at some point, might have been in
charge of securing a portion of the scene, and may have failed
to preserve evidence) are not sufficient to establish a cause of
action against the putative defendants.  Defendants further
argue that many of plaintiff's averments are merely conclusory
and speculative because no factual support for those conclusions
has been averred.

The Reading Defendants argue that plaintiff's
substitution of the four putative defendants for Defendants John
Doe 1-4 does not meet the requirements laid out in Federal Rule

---

[23]     These documents, the Reading Defendants aver, contained the
identities of the Reading officers and their involvement in the matter,
including the download performed by Sergeant Winters.

of Civil Procedure 15(c).  Specifically, the Reading Defendants
aver that the putative defendants neither received notice of the
action within 120 days of the initial complaint, nor (if they
had received such notice) would they have had reason to believe
that plaintiff's mistake regarding their identities was the only
reason they were not named in the initial filing.

Finally, the Reading Defendants contend that
plaintiff's request to file a further amended complaint must be
denied.  Specifically, the Reading defendants reject plaintiff's
argument that counsel for the Reading Defendants is responsible
for plaintiff's delay in identifying the remaining John Does.
Rather, they assert that the delay is the result of the lack of
diligence by plaintiff's counsel.

Defendant Trooper Pavelko also argues that plaintiff's
motion to amend should be denied because the statute of
limitations has run, as should the request to make a further
amendment.  Specifically, Trooper Pavelko argues that plaintiff
did not take reasonable steps to identify and serve the Doe
defendants.  Trooper Pavelko further argues that the
Pennsylvania State Police John Does whom plaintiff seeks to name
were not involved in the events alleged in plaintiff's

complaint, did not receive notice, and had no reason to believe
that they would be named as defendants.[24]

## DISCUSSION

### Statute of Limitations

Because both the Reading Defendants and Trooper
Pavelko have argued that the Motion to Amend must be denied
because the statute of limitations has run, and because the
amendment would be futile if barred by the statute of
limitations, I address that issue first.

For the reasons expressed below, that issue is
dispositive and requires the denial of plaintiff's motion to
amend.

On April 19, 2012, plaintiff suffered the harm upon
which he bases his claims and the statute of limitations began
to run.

The parties do not dispute that the applicable
limitations period is two years, or that it had expired as of
the filing of the Motion to Amend.  The Reading defendants and
Trooper Pavelko expressly assert that the statute has run, and
plaintiff begins his legal argument by addressing the three
conditions that must be met in order to substitute the putative

---

[24]      Trooper Pavelko's Response opposes the Motion for Leave on the
same grounds asserted in Reading Defendants' Response.  At oral argument,
Anthony Venditti, Esquire, counsel for defendant Pavelko, adopted the oral
argument presented by David MacMain, Esquire, counsel for the Reading
defendants, in opposition to the Motion to Amend.

defendants for the four John Doe defendants after the statute of limitations has run.[25]

Similarly, the parties agree that the claims against the putative Reading police-officer defendants arise out of the April 19, 2012 incident and, thus, the first condition of Rule 15(c)(1)(C) is satisfied for the four putative defendants from the Reading Police Department.  Therefore, I turn to the first contested condition, notice to the putative defendants.

Plaintiff contends that the second criterion under Rule 15(c)(1)(C) is met in this case because the four putative defendants received notice of the action within 120 days of the filing of the original Complaint on June 28, 2012 -- that is, by October 26, 2012.

Notice of the action may be actual or constructive. Singletary v. Pennsylvania Department of Corrections, supra, 226 F.3d at 195.

District courts may find constructive notice in two types of cases.  First, notice may be imputed if the newly-named defendant was represented by the same attorney as the originally named party, based on the assumption that "the attorney is likely to have communicated to the latter party that he may very well be joined in the action."  Id. at 196.

---

[25]    See Reading Defendants Response in Opposition (Document 59), ¶¶ 35-43; Trooper Pavelko's Response in Opposition (Document 60), pgs. 4-6; Motion to Amend (Document 58), ¶¶ 26-28.

Second, a party may be found to have received constructive notice when there is an identity of interest among the current and putative defendants.  <u>Singletary</u>, 266 F.3d at 197.  The identity-of-interest approach requires that the parties be "so closely related in their business operations or other activities that the institution of an action against one serves to provide notice of the litigation to the other."  <u>Id.</u>, (quoting 6A Charles Alan Wright et al., Federal Practice & Procedure § 1499, at 146 (2d ed. 1990)).

Plaintiff first contends that the press attention the incident received, as generally alleged in Count VI of plaintiff's Amended Complaint,[26] satisfies the requirement in Rule 15(c)(1)(C)(i) of notice of a potential civil action.[27]

---

[26]     Plaintiff, in his brief, cites Count V of the Amended Complaint, which contains plaintiff's Fourteenth Amendment claim.  Count VI mentions the news coverage as part plaintiff's defamation claim.

[27]     Plaintiff argues that the existence of the news stories is enough to show constructive notice.  As previously noted, there are two tests by which constructive notice can be found: a shared attorney, or identity of interest.  The existence of news stories cannot act as constructive notice under Rule 15(c).

        However, plaintiff cites <u>Varlack v. SWC Carribbean, Inc.</u>, where the United States Court of Appeals for the Third Circuit concluded that actual notice "may be deemed to have occurred when a party who has some reason to expect his potential involvement as a defendant hears of the commencement of litigation through some informal means."  <u>Singletary</u>, 266 F.3d at 195 (citing <u>Varlack v. SWC Carribbean, Inc.</u>, 550 F.2d 171, 175 (3d Cir.1977)).  Although it might therefore appear that plaintiff was arguing that the putative defendants received actual notice through media coverage of the incident instead of constructive notice, at oral argument plaintiff's counsel conceded that actual notice is not supported here.  Transcript of Oral Argument, at pg. 36.

Knowledge of a "potential civil action" is not sufficient.  Rule 15(c) requires notice of the action itself, actual or constructive.  It appears that there was at least one newspaper article published within the 120-day period[28] discussing this lawsuit.  However, plaintiff introduced neither that article, nor any other, into the record regarding the existence of a lawsuit, much less any evidence that any of the putative defendants received or read the article.[29]  Thus, plaintiff has not demonstrated that the putative defendants received the requisite notice by October 26, 2012, as required.

Plaintiff also contends that the four putative defendants received constructive notice under an identity-of-interest theory because they were at the scene of the incident, were employed as officers and sergeants in the Reading Police

---

[28]     My own inquiry uncovered Don Spatz, "Reading and state police hit with lawsuit in bypass fall," READING EAGLE, originally published July 3, 2012, available at http://www2.readingeagle.com/article.aspx?id=396860.  Other news coverage of the incident, but not the lawsuit, is available from the sources referred to by plaintiff.

Plaintiff, in his Motion to Amend, refers to the "press attention, as alleged in Count Five of Plaintiff's Amended Complaint." Motion to Amend, pg. 15.  There is no press attention mentioned in Count V, though Count VI refers to the media attention immediately following the incident.  Specifically, plaintiff alleges that "all Defendants provided false and misleading statements to local media outlets" regarding the conduct of the plaintiff leading up to his fall from the bypass.  The publication of these statements occurred shortly after the incident and well before plaintiff filed suit.  These publications, therefore, cannot have provided notice of the action.

[29]     As such, this case is not analogous to Varlack v. SWC Carribbean, Inc., in which the single unnamed defendant was found to have received actual notice after he testified that he saw a copy of the complaint.  Varlack, 550 F.2d 171.

Department, and worked closely with named defendants, specifi-
cally Officer Errington and Captain Kloc.

      Presence at the scene of the incident does not provide
the putative defendants with the requisite notice.  At the time
of the incident, there was not yet a complaint of which the
putative defendants (or their employer or fellow officers) could
have been aware.  Therefore, there could not have been notice
that the complaint was filed, much less constructive notice
under Rule 15(c)(1)(C) at that time.

      For an employee to have constructive notice from an
employer, that employee must share "a sufficient nexus of
interests with his or her employer." Singletary, 266 F.3d
at 200.  The Third Circuit has repeatedly stated that, because
"non-management employees" do not share this sufficient nexus,
notice cannot be imputed absent other circumstances. Id.;
Garvin, 354 F.3d at 227 (3d Cir. 2003).

      Here, the putative defendants are employed by
defendant City of Reading as members of the Reading Police
Department, which was named in the initial Complaint and has
been defending this action since its inception.[30]  Courts in this
district have repeatedly found that police officers and police

---

[30]    Transcript of Oral Argument, pg. 32.

sergeants are non-managerial employees of a municipal-entity

employer under the identity-of-interest test.[31]

Moreover, the United States Court of Appeals for the

Third Circuit, in upholding the district court's denial of leave

to amend in a similar case where a plaintiff sought to

substitute four police officers for John Doe defendants after

the statute of limitations had run, stated that

> [t]he individual police officers sought to be
> added to this action certainly qualify as non-
> managerial employees.  Inasmuch as they do not
> share a sufficient nexus of interests with their
> employer, the City, the district court correctly
> held that it could not impute notice for purposes
> of Rule 15(c)(3)(A) under the identity of
> interest method.  The individual police officers
> here...are "not highly enough placed in the
> [city] hierarchy for us to conclude that [their]
> interests as...employee[s] are identical to the
> [city's] interests."

Garvin, 354 F.3d at 227 (citing Singletary, 266 F.3d at 199).

The United States District Court for the Eastern

District of Pennsylvania has come to the same conclusion in

cases in which the police or sheriff's department with which a

---

[31]    See Garvin v. City of Philadelphia, 2003 WL 402247 (E.D.Pa.
Feb. 24, 2003)(Kelly, S.J.)(affirmed in Garvin v. City of Philadelphia,
354 F.3d 215 (3d Cir. 2003); Huertas v. City of Philadelphia, 2005 WL 226149
(E.D.Pa. Jan. 26, 2005)(Hutton, J.)(affirmed in Huertas v. City of
Philadelphia, 188 Fed.Appx. 136 (3d Cir. 2006); and Miller v. City of
Philadelphia, 2014 WL 2957666 (E.D.Pa. June 27, 2014)(O'Neill, J.) all of
which dealt with police officers. See also Ayres v. Berks County Sheriff's
Department, 2010 WL 816336 (E.D.Pa. Mar. 9, 2010)(Perkin, M.J.) (finding that
a deputy sheriff did not share an identity of interest with his employer);
Buchanan v. White Whiteland Township, 2008 WL 4613078 (E.D.Pa.
Oct. 15, 2008)(Hart, M.J.)(finding that a police corporal did not share an
identity of interest with his employer) and Hiscock v. City of Philadelphia,
2013 WL 686350 (E.D.Pa. Feb. 26, 2013)(Yohn, J.)(finding that a police
sergeant did not share an identity of interest with his employer).

putative-defendant officer worked was also a named defendant. Huertas, supra; Ayres, supra.

Plaintiff further contends that the putative defendants received constructive notice by working closely with the other named defendants, specifically Officer Errington and Captain Kloc.  However, constructive notice has been found lacking even when a newly-named defendant shared an office with other officers who had already been named as defendants in the complaint. Brown v. McElwee, 2013 WL 5948026 (E.D.Pa. Nov. 7, 2013)(DuBois, S.J.).

The circumstances in this case are significantly similar to the precedents cited above, and plaintiff proffers no other circumstances which would suggest that notice might be imputed to the putative defendants in this case.  Therefore, I conclude that the putative defendants did not receive constructive notice under Rule 15(c)(1)(C) and the proposed amendment is barred by the statute of limitations.

As such, I need not examine whether the third criterion under Rule 15(c)(1)is met in this case.

Because, for the reasons stated above, the proposed amendment is barred by the applicable statute of limitations, it is futile and must be denied.  Accordingly, I do not reach defendants' remaining arguments concerning futility or alleged dilatory conduct by plaintiff's counsel.

-23-

<u>**Motion to File a Further Complaint**</u>

<u>**or a Motion for Leave to Amend**</u>

Plaintiff additionally seeks additional time to file a further amended complaint in order to identify a female officer with the Reading Police Department in the place of the fifth John Doe defendant.[32]

As previously noted, while under Rule 15(a)(2), a court should freely give leave to amend when justice so requires, this policy favoring liberal amendments is not unbounded.  <u>Dole v. Arco Chemical Co.</u>, 921 F.2d 484, 487 (3d Cir. 1990).  A district court may deny leave to amend a complaint on the grounds of an "apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc."  <u>Bivings v. Wakefield</u>, 316 Fed.Appx. 177, 180 (3d Cir. 2009).

In a similar case, the United States District Court for the Eastern District of Pennsylvania denied a plaintiff's motion to file a third amended complaint on the grounds that the plaintiffs repeatedly failed to cure deficiencies in the original complaint.  <u>Brown</u>, 2013 WL 5948026 at 7 (citing <u>Forman</u>

---

[32]     Transcript of Oral Argument, pgs. 27-28.

<u>v. Davis</u>, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222, 225 (1962)).

In <u>Brown</u>, over a year had passed since the initial filing of the complaint under 18 U.S.C. § 1983 against named Darby Borough Police Officers and unnamed, John Doe police officer defendants, during which time  plaintiffs had twice amended their complaint.  <u>Brown</u>, <u>supra</u>.  Plaintiffs then sought to amend the complaint for a third time.  The court found that the plaintiffs "had ample opportunity to craft a sufficiently pled complaint" and yet failed to do so.  <u>Id.</u> (quoting <u>In re Cybershop.com Securities Litigation</u>, 189 F.Supp.2d 214, 236 (D.N.J. 2002)).

Here, at the time plaintiff filed his Motion to Amend on June 2, 2014, almost two years had passed since plaintiff filed his initial complaint on June 28, 2012 and more than a year-and-a-half had passed since plaintiff received the entire police file concerning the April 19, 2012 incident in October 2012.  Plaintiff has had time and access to discovery materials which, with the exercise of reasonable diligence, would have allowed plaintiff to identify the particular individuals against whom he wished to pursue a claim or claims, and to marshal and aver facts sufficient to plausibly state his claim or claims against those individuals.

-25-

Moreover, a third amended complaint which replaced one of the John Doe defendants with a specifically-identified female police officer would (as with the male officers identified in this Motion to Amend) also be barred by the statute of limitations, and therefore futile.

Plaintiff would need to establish that the claim against that female officer related back by satisfying the three criteria laid out in Rule 15(c)(1)(C). Plaintiff failed to show that there was actual or constructive notice with regard to the putative defendants. Plaintiff has offered nothing to suggest that he will be able to do so regarding the unnamed female officer, who is similarly an employee of the City of Reading. Additionally, plaintiff has alleged no actions on the part of this unnamed female officer upon which to base his claim.

Accordingly, I find that further amendment would be futile and I deny plaintiff's request for additional time to again amend his pleading.

## CONCLUSION

For the reasons expressed above, I deny plaintiff's Motion to Amend his already-amended Civil Action Complaint.