UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ERNEST MARTIN, :<br>　　　　　　　　　　　　　　　　　: <br>　　　　Plaintiff, :<br>　　　　v. :　　　No. 5:12-cv-03665<br>　　　　　　　　　　　　　　　　　:<br>CITY OF READING; READING POLICE :<br>DEPARTMENT; WILLIAM HEIM, Chief of :<br>Police of the Reading Police, individually and :<br>in his official capacity; OFFICER BRIAN :<br>ERRINGTON, individually and in his official :<br>capacity; CAPTAIN DAMON[1] KLOC, :<br>individually and in his official capacity; :<br>PA STATE TROOOPER MICHAEL :<br>PAVELKO; JOHN DOES 1-9, :<br>　　　　　　　　　　　　　　　　　:<br>　　　　Defendants. : | |

# **O R D E R**

AND NOW, this 31st day of July, 2015, upon consideration of Plaintiff Ernest Martin's Motion for Partial Summary Judgment, ECF No. 86, Defendant Michael Pavelko's Motion for Summary Judgment, ECF No. 84, and Defendants City of Reading, Reading Police Department, William Heim, Damond Kloc, and Brian Errington's Motion for Summary Judgment, ECF No. 87, **IT IS ORDERED** as follows:

　　　　1.　　　Defendant Michael Pavelko's Motion for Summary Judgment, ECF No. 84, is **GRANTED**. Summary judgment on all claims is entered in favor of Defendant Michael Pavelko.

---

[1] Plaintiff's initial Complaint and Amended Complaint specified this Defendant's name as "Damon Kloc," but the correct spelling of his first name appears to be "Damond." See, e.g., Reading Defs.' Br. Supp. Mot. Summ. J. 1, ECF No. 87-2.

    2.    Defendants City of Reading, Reading Police Department, William Heim, Damond Kloc, and Brian Errington's Motion for Summary Judgment, ECF No. 87, is **GRANTED IN PART** and **DENIED IN PART** as follows:

    A.    Summary judgment on all claims is entered in favor of Defendants City of Reading, Reading Police Department, William Heim, and Damond Kloc.

    B.    Summary judgment on all claims is entered in favor of Defendant Brian Errington, except for the following claims:

    i.    Plaintiff's claim, pursuant to § 1983, that Defendant Errington, in his individual capacity, used a constitutionally excessive level of force in violation of the Fourth Amendment.

    ii.    Plaintiff's claims that Defendant Errington committed the torts of assault and battery in violation of Pennsylvania law.

    3.    Plaintiff's Motion for Partial Summary Judgment, ECF No. 86, is **DENIED**.

    4.    No later than **Tuesday, August 4, 2015, at 5:00 p.m.**, each party shall file revised proposed jury instructions, consistent with this Order, which shall quote or cite, as applicable, model jury instructions or case citations. With respect to any proposed jury instruction that quotes from a model jury instruction, such proposed jury instruction shall be marked to show differences between the proposed jury instruction and the model jury instruction.

    5.    No later than **Tuesday, August 4, 2015, at 5:00 p.m.**, each party shall file proposed special interrogatories consistent with this Order. Specifically, the proposed special interrogatories shall address any findings of fact necessary to enable the Court to resolve any questions of law with respect to qualified immunity. See Curley v. Klem, 499 F.3d 199, 209-11 (3d Cir. 2007) (recognizing that the question of "whether an officer made a reasonable mistake

of law and is thus entitled to qualified immunity is a question of law that is properly answered by the court, not a jury," and suggesting the use of special interrogatories to allow the jury to "determine[] disputed historical facts material to the qualified immunity question" (quoting Carswell v. Borough of Homestead, 381 F.3d 235, 242 (3d Cir. 2004))).

                                                              BY THE COURT:

                                                        */s/ Joseph F. Leeson, Jr.*_____
                                                        JOSEPH F. LEESON, JR.
                                                        United States District Judge