UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ERNEST MARTIN, : | |
| : | |
| Plaintiff, : | |
| v. : | No. 5:12-cv-03665 |
| : | |
| CITY OF READING; READING POLICE : | |
| DEPARTMENT; WILLIAM HEIM, Chief of : | |
| Police of the Reading Police, individually and : | |
| in his official capacity; OFFICER BRIAN : | |
| ERRINGTON, individually and in his official : | |
| capacity; CAPTAIN DAMON[1] KLOC, : | |
| individually and in his official capacity; : | |
| PA STATE TROOOPER MICHAEL : | |
| PAVELKO; JOHN DOES 1-9, : | |
| : | |
| Defendants. : | |

**O R D E R**

AND NOW, this 7th day of August, 2015, upon consideration of the parties' pretrial motions and following a final pretrial conference held via telephone on Wednesday, August 5, 2015, at 4:30 p.m., **IT IS ORDERED** as follows:

1. Defendant Errington's Motion to Preclude Plaintiff's Expert, Kathleen Murray, R.N., ECF No. 89, is **DENIED**.

2. Plaintiff's Motion to Preclude Defendants' Expert, Mark Kroll, ECF No. 94, is **DENIED**.

---

[1] Plaintiff's initial Complaint and Amended Complaint specified this Defendant's name as "Damon Kloc," but the correct spelling of his first name appears to be "Damond." See, e.g., Reading Defs.' Br. Supp. Mot. Summ. J. 1, ECF No. 87-2.

3. Plaintiff's Motion to Preclude Defendants from Offering Any Evidence of Mr. Martin's Criminal Background or Attempting to Impeach Plaintiff's Testimony with Evidence of His Prior Criminal Convictions, ECF No. 100, is **DENIED**.

4. Plaintiff's Motion to Preclude Defendants from Offering Any Evidence at Trial Regarding the Events that Occurred before Plaintiff Reached the West Shore Bypass Bridge, ECF No. 101, is **DENIED**.[2]

5. Plaintiff's Motion to Preclude Defendants from Offering Any Evidence at Trial or Making Any Reference to Alleged Drug Paraphernalia Found at the Scene, ECF No. 102, is **GRANTED**.

6. Plaintiff's Motion to Preclude Defendants from Presenting Any Evidence or Testimony from Gladys Painter or Barbara Ann Fair at Trial, ECF No. 103, is **DENIED**.[3]

7. Plaintiff's Motion to Preclude All Defendants from Offering into Evidence the "Integrated Case Summary – 13A Parole Summary", ECF No. 104, is **DENIED**.

8. No later than **Friday, August 7, 2015, at 12:00 p.m.**, each party shall file a brief memorandum of law addressing (i) the admissibility of evidence regarding the conduct of the police investigation into the events giving rise to this action, and (ii) whether bifurcation of the trial of this matter is appropriate.

9. No later than **Friday, August 7, 2015, at 12:00 p.m.**, each party shall file, if not already filed, revised proposed jury instructions, which shall quote or cite, as applicable, model jury instructions or case citations. With respect to any proposed jury instruction that quotes from

---

[2] As set forth in the Court's accompanying memorandum opinion, the Court's decision to deny Plaintiff's Motion at this time does not prevent Plaintiff from raising an objection to the introduction of this evidence pursuant to Federal Rule of Evidence 403 at trial, if appropriate.

[3] As with Plaintiff's Motion to Preclude Defendants from Offering Any Evidence at Trial Regarding the Events that Occurred before Plaintiff Reached the West Shore Bypass Bridge, Plaintiff may, if appropriate, raise an objection to the introduction of this evidence at trial pursuant to Rule 403.

a model jury instruction, such proposed jury instruction shall be marked to show differences between the proposed jury instruction and the model jury instruction.

10.     No later than **Friday, August 7, 2015, at 12:00 p.m.**, each party shall file, if not already filed, proposed special interrogatories. Specifically, the proposed special interrogatories shall address any findings of fact necessary to enable the Court to resolve any questions of law with respect to qualified immunity. See <u>Curley v. Klem</u>, 499 F.3d 199, 209-11 (3d Cir. 2007) (recognizing that the question of "whether an officer made a reasonable mistake of law and is thus entitled to qualified immunity is a question of law that is properly answered by the court, not a jury," and suggesting the use of special interrogatories to allow the jury to "determine[] disputed historical facts material to the qualified immunity question" (quoting <u>Carswell v. Borough of Homestead</u>, 381 F.3d 235, 242 (3d Cir. 2004))).

11.     Pursuant to the request of Plaintiff during the final pretrial conference held on August 5, 2015, and lack of any objection from Defendant, Plaintiff's claims against Defendants John Doe-1 through John Doe-9 are **DISMISSED** with prejudice.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge